# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

**1:22 CV 00349**

| | |
|---|---|
| UNITED STATES OF AMERICA [UNDER SEAL], | Civil Action No: |
| Relator, | JUDGE **JUDGE BOYKO** |
| v. | **COMPLAINT** FILED IN CAMERA AND UNDER SEAL PURSUANT TO 31 U.S.C. §3730(b)(2) |
| [UNDER SEAL], | |
| Respondent. | **MAG. JUDGE PARKER** |

**DOCUMENT TO BE KEPT UNDER SEAL**

**DO NOT ENTER ON PACER**



FILED

MAR 3 2022

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, <u>ex rel.,</u><br>TRANSPARENT CARGO LLC,<br>190 NORTH UNION STREET, SUITE 201<br>AKRON, OH 44304<br><br>Relator,<br>v.<br><br>ALEX J. BILEK<br>DBA BILEK TRUCKING<br>7753 HAYES RD<br>WILLIAMSFIELD, OH 44093<br><br>Respondent. | Civil Action No:<br><br>JUDGE:<br><br>**COMPLAINT FOR VIOLATION OF FEDERAL FALSE CLAIMS ACT [31 U.S.C. § 3729 <u>et seq.</u>]**<br><br>**JURY TRIAL DEMANDED**<br><br>**<u>FILED IN CAMERA AND UNDER SEAL PURSUANT TO 31 U.S.C. §3730(b)(2)</u>** |

Through undersigned attorneys, *qui tam* Relator, on behalf of the United States of America, for this Complaint against Respondent alleges:

**I.  INTRODUCTION**

1. This is an action to recover damages and civil penalties, on behalf of the United States Government (the "United States" or the "Government") arising from false and/or fraudulent statements, records, and claims made and caused to be made by the Respondent and/or his agents in violation of the federal False Claims Act, 31 U.S.C. § 3729 et seq., as amended ("the FCA" or "the Act").

2. This *qui tam* case is brought against Respondent for knowingly defrauding the Federal Government in connection with the federally funded Coronavirus Aid, Relief, and Economic Security (CARES) Act and Economic Injury Disaster Loan (EIDL) Program. As alleged below, Respondent has engaged in a scheme to obtain federal funding for prohibited purposes, such as the purchase of lavish vacations, jewelry, and other luxury items.

2

3. Respondents' conduct as alleged herein violates the federal False Claims Act (FCA).

## II. PARTIES

4. Relator, Transparent Cargo, LLC, is an Ohio limited liability company headquartered in Akron, Ohio.

5. Relator learned of Respondent's activities, specifically, misappropriation of EIDL loan proceeds to pay personal and non-business-related expenses, while reviewing records obtained as part of Respondent's 2020 divorce proceeds [Case No. 2020 DR 060, Ashtabula County OH Common Pleas Court]. Relator analyzed records obtained during Respondent's divorce proceedings. In addition, Relator analyzed records published by the United States Small Business Administration ("SBA") that included analysis of Economic Injury Disaster Loan ("EIDL") published records.

6. Respondent Alex J. Bilek is the sole proprietor of small business entity: BILEK TRUCKING, in Williamsfield, OH.

## III. JURISDICTION AND VENUE

7. This action arises under the False Claims Act, 31 U.S.C. § 3729 et seq.

8. Jurisdiction over this action is vested in this Court by 31 U.S.C. § 3732(a) and 28 U.S.C. § 1331, in that this action arises under the laws of the United States.

9. Venue is proper in this district under 31 U.S.C. § 3732(a) and under 28 U.S.C. §§ 1391(b) and 1391(c). The Respondent can be found, resides, and transacts business within the district, and the acts proscribed by the False Claims Act occurred within the district.

## IV. THE FALSE CLAIMS ACT

10. The FCA was originally enacted during the Civil War. Congress substantially amended the Act in 1986 – and, again, in 2009 and 2010 – to enhance the ability of the United States Government to recover losses sustained due to fraud.

11. The Act imposes liability upon any person who: (A) "knowingly presents, or causes to be presented, a false or fraudulent claim for payment of approval" or (B) "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729 (a)(1)(A)(B) (2009).

12. "Claim" is defined as "any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property, that – (i) is presented to an officer, employee, or agent of the United States; or (ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest, and if the United States Government – (I) provides or has provided any portion of the money or property requested or demanded; or (II) will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded." 31 U.S.C. § 3729(b)(2)(A) (2009).

13. A violation occurs when any person ". . . knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government." 31 U.S.C. § 3729(a)(1)(G) (2009). 12. "Obligation" is defined to include: "an established duty, whether or not fixed, arising from an express or implied contractual, grantor-grantee, or licensor-licensee -5- relationship, from a fee-based or similar relationship, or from the retention of any overpayment." 31 U.S.C. § 3729(b)(3) (2009).

14. Any person who violates the Act is liable for a civil penalty of $11,665 to $23,331 for each false or fraudulent claim after November 2, 2015; plus, three times the damages sustained by the United States.

## V. CORONAVIRUS AID, RELIEF, AND ECONIMIC SECURITY (CARES ACT) ACT AND ECOMOMIC INJURY DISASTER LOAN PROGRAM (EIDL)

15. On March 27, 2020, President Trump signed the Coronavirus Aid, Relief, and Economic Security (CARES) Act into law. The law provided emergency financial assistance to Americans suffering from the economic effects caused by the COVID-19 pandemic.

16. Sources of relief under the CARES Act included authorization for the Small Business Administration (SBA) to issue small business entities loans under the Economic Injury Disaster Loan (EIDL) Program.

17. To obtain an EIDL loan, Applicants used the SBA online portal to submit their application materials which included the Disaster Business Loan Application (SBA Form 5), Personal Financial Statement (SBA Form 413), Schedule of Liabilities (SBA Form 2202), and Request for Transcript of Tax Return (IRS Form 4506-T). This information, submitted by the applicant, was then used by the SBA to calculate the money the applicant was eligible to receive.

18. As part of the EILD loan application, applicants had to certify that the information in the application was true and accurate in all material respects. Applicants were warned the misuse of proceeds may result in criminal, civil or administrative sanctions including, but not limited to treble damages and civil penalties under the False Claims Act, 31 U.S.C. § 3729.

19. Under the provisions governing the EIDL program, loan proceeds could be used only by the affected business receiving EIDL loans for certain permissible expenses. The loans could be used by the business to pay fixed debts, payroll accounts payable and other bills that could have not been paid had the COVID-19 disaster not occurred.

## VI. ALLEGATIONS REGARDING RESPONDENTS' WRONGDOING

20. On or about June 20, 2020, ALEX J. BILEK, dba Bilek Trucking, submitted an Economic Injury Disaster Loan borrower application Form (SBA Form 5) to the U. S. Small Business Administration to obtain an SBA Economic Injury Disaster Loan. A true and accurate copy of the application is attached as **Exhibit 1**.

21. By signing the borrower application, BILEK certified in good faith, the funds would be only for business-related purposes as specified in the loan application and consistent with the EIDL Program Rules.

22. BILEK further certified the information provided in the application and the information provided in all supporting documents and forms was true and accurate in all material respects.

23. On or about June 23, 2020, ALEX J. BILEK, received from Key Bank, SBA EIDL loan proceeds in the amount $58,900. Before receiving the proceeds, BILEK's Huntington National Bank checking account balance was negative ($492.82). For the period June 6, 2020 through January 1, 2021, true and accurate copies of BILEKS' bank statements are attached as **Exhibit 2.**

24. After the June 23, 2020 EIDL deposit, BILEK knowingly misappropriated approximately $45,776.97 of EIDL loan proceeds for personal use and non-business-related items. Representative examples of misuse of proceeds include but are not limited to:

   a. The purchase of a last-minute Florida vacation and related expenses totaling approximately $4,474.18.

   b. Purchase of a $3,860.99 engagement ring for his then girlfriend, Cynthia B. Kume.

  c. Bank transfers to then girlfriend, Cynthia B. Kume in the amount of $2,500.00

  d. Retail store purchases totaling $6,538.55

  e. ATM cash withdrawals totaling $4,539.75

  f. Payments via check to unknown Payees totaling $23,863.50.

A summary of representative non-business expenditures is attached as **Exhibit 3**.

25. On approximately January 7, 2021, BILEK's HNB account's ending balance was $623.25.

## VII. **PRAYER FOR RELIEF**

### Count I

### False Claims Act
### 31 U.S.C. §3729(a)(1)(A)

26. Relator realleges and incorporates by reference the allegations in the paragraphs above as though fully set forth herein.

27. This is a claim for treble damages and penalties under the False Claims Act, 31 U.S.C. 3729, et seq. as amended.

28. Through the acts described above, Respondent knowingly presented or caused to be presented false or fraudulent claims for payment or the Government, unaware of the falsity of all such claims made or caused to be made by Respondents, has paid such false or fraudulent claims that would not be paid but for Respondents' illegal conduct.

29. By Respondents' acts, the United States has been damaged, and continues to be damaged, in a substantial amount to be determined.

30. The United States is entitled to the maximum penalty of up to $23,331 for every violation alleged.

## Count II
## False Claims Act
## 31 U.S.C. § 3729(a)(1)(B)

31. Relators reallege and incorporate the above paragraphs as though fully set forth herein.

32. This is a claim for treble damages and penalties under the False Claims Act, 31 U.S.C. 3729, et seq. as amended.

33. Through the acts described above, Respondent knowingly made, used, or caused to be made or used false records or statements material to false or fraudulent claims. Respondent also conspired to the same as described above.

34. The Government, unaware of the falsity of the records, statements, and claims made or caused to be made by Respondent, has paid claims that would not be paid but for Respondent's illegal conduct.

35. By Respondent's acts, the United States has been damaged, and continues to be damaged, in a substantial amount to be determined.

36. The United States is entitled to the maximum penalty of up to $23,331 for every violation alleged.

## Count III
## False Claims Act
## 31 U.S.C. § 3729(a)(1)(G)

37. Relators reallege and incorporate the above paragraphs as though fully set forth herein.

38. This is a claim for treble damages and penalties under the False Claims Act, 31 U.S.C. 3729, et seq. as amended.

39. Through the acts described above, Respondent has knowingly made or used, or caused to be made or used, false records or false statements material to an obligation to return money to the Government.

40. The Government, unaware of the concealment by the Respondent, has not made demand for or collected funds due from the Respondent.

41. By Respondent's acts, the United States has been damaged, and continues to be damaged, in a substantial amount to be determined.

42. The United States is entitled to the maximum penalty of up to $23,331 for every violation alleged.

WHEREFORE, Relators pray for judgment against Respondent that:

1. Respondent cease and desist from violating 31 U.S.C. § 3729 et seq.;

2. This Court enter judgment against Respondent in an amount equal to three times the damages the United States has sustained because of Respondents' actions, plus a civil penalty of not less than $11,665 and not more than $23,331 for each violation of 31 U.S.C. § 3729;

3. The Relator be awarded the maximum amount allowed under §3730(d) of the False Claims Act and the False Claims Act;

4. The Relator be awarded all costs of this action, including attorneys' fees and expenses; and

5. The United States and Relator recover such other and further relief the Court deems just and proper.

Respectfully submitted,

_____
Warner D. Mendenhall (0070165)
Law Offices of Warner Mendenhall, Inc.
190 N. Union St., Ste. 201
Akron, OH 44304
(330) 535-9160; fax (330) 762-9743
warner@warnermendenhall.com
*Attorney for Relator*

## JURY DEMAND

Relator demands a trial by jury on all issues so triable.

_____
Warner D. Mendenhall (0070165)